IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CARL EDWARD WILLIS                                                    PLAINTIFF

      v.                              Civil No. 06-2068

HEAD PROSECUTOR, Sebastian
County Arkansas; WENDY
SHARUM, Deputy Prosecuting
Attorney; STACEY SLAUGHTER,
Deputy Prosecuting Attorney;
DANIEL SHUE, Deputy Prosecuting
Attorney; CITY OF FORT SMITH,
ARKANSAS; FORT SMITH POLICE
DEPARTMENT; and CHIEF OF POLICE,
FORT SMITH, ARKANSAS                                                 DEFENDANTS


## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Carl Willis, filed this civil rights action on June 15, 2006.  He proceeds pro se

and in forma pauperis.  The case is before the undersigned for a determination of whether service

of process should issue.


## BACKGROUND

Willis contends his constitutional rights were violated in a number of ways.  First, he

contends he was improperly arrested and charged with harassment by the Fort Smith Police

Department.  During his "unwarranted" trial on this claim, Willis claims the woman who accused

him of the "fake charge" lied on the witness stand.

Second, he contends there were a number of incidents, occurring on unspecified dates,

during which he and various members of his family were verbally attacked, threatened, and

derogatory terms were used against them.  Willis alleges they reported the incidents to the police and were told to follow-up  by reporting the incidents to the prosecutor's office.    Willis states the prosecutor's office merely advised them to stay away from those people.

Finally, after seeing the chief prosecutor, Willis states a letter was written telling the people to stay away from the Willis family.  However, Willis states he also received a letter stating his family should stay away from the other family.

After the letters were sent, Willis states two more incidents happened at a local Wal-Mart.  During the second incident, Willis alleges his son was slapped.  When Willis went to call the police, he states the man followed him out threatening him and making derogatory comments.  Willis alleges despite describing the man's truck to the police the police did nothing.

Willis maintains the police department violated his rights by failing to protect him and provide service to him.  Willis maintains nothing was done to protect him and his family.

## DISCUSSION

Willis' claims are subject to dismissal.  First, to the extent Willis intends to bring a malicious prosecution claim, the claim fails.  It has been "uniformly held that malicious prosecution by itself is not punishable under § 1983 because it does not allege a constitutional injury." *Kurtz v. City of Shrewsbury*, 245 F.3d 753, 758 (8th Cir. 2001).  Similarly, a cause of action for defamation is not cognizable under § 1983. *Loftin v. United States*, 72 F.3d 133 (8th Cir. 1995); *Miner v. Brackney*, 719 F.2d 954, 955 (8th Cir. 1983).

-2-

Second, the head prosecuting attorney, Wendy Sharum, Stacey Slaughter, and Daniel Shue, all prosecuting attorneys, are immune from suit.  The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S. Ct. 984, 995, 47 L. Ed. 2d 128 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.*, 424 U.S. at 427.  This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.*, 424 U.S. at 430.  *See also Buckley v. Fitzsimmons*, 509 U.S. 259, 113 S. Ct. 2606, 2615, 125 L. Ed. 2d 209 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity).  Based on the allegations of the complaint, it is clear the prosecuting attorneys are entitled to absolute immunity.  *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996)(County prosecutors were entitled to absolute immunity from suit).

To the extent Willis' complaint seeks injunctive relief, we find the claim not cognizable. While the Supreme Court has not held that this immunity insulates prosecutors from declaratory or injunctive relief, *see Pulliam v. Allen*, 466 U.S. 522, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984), a plaintiff must show some substantial likelihood that the past conduct alleged to be illegal will recur.  Willis can make no such showing here.  Further, injunctive relief is not appropriate where an adequate remedy under state law exists.  *Id.*, 466 U.S. at 542 & n.22.  *See also Bonner v. Circuit Court of St. Louis,* 526 F.2d 1331, 1336 (8th Cir. 1975).

-3-

Third, to the extent Willis' claims are based on the refusal of defendants to bring criminal charges against those who allegedly harassed Willis and the members of his family the claims fail.  A private citizen has no right to institute criminal prosecution.  *See Diamond v. Charles,* 476 U.S. 54, 64-65, 106 S. Ct. 1697, 90 L. Ed. 2d 48 (1986); *In re Kaminski,* 960 F.2d 1062, 1064 (D.C. Cir. 1992) (private party lacks judicially cognizable interest in prosecution of another person); *Lopez v. Robinson,* 914 F.2d 486, 494 (4th Cir. 1990); *Cok v. Cosentino,* 876 F.2d 1, 2 (1st Cir. 1989).

Fourth, the Fort Smith Police Department is not a person or a legal entity subject to suit under § 1983.  *See e.g., Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992)("[s]heriff's departments and police departments are not usually considered legal entities subject to suit"); *Powell v. Cook County Jail*, 814 F. Supp. 757 (N.D. Ill. 1993)(jail not subject to suit); *Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994)("jail is not an entity that is amenable to suit"); *In re Scott County Master Docket*, 672 F. Supp. 1152, 1163 n. 1 (D. Minn. 1987)(sheriff's department is not a legal entity subject to suit), *aff'd*, *Myers v. Scott County*, 863 F.2d 1017 (8th Cir. 1989).

Fifth, the "states have no affirmative obligation to protect individuals against private violence."  *Hart v. City of Little Rock*, 432 F.3d 801, 805 (8th Cir. 2005), *cert. denied*, ___ U.S. ___, 126 S. Ct. 2902, 165 L. Ed. 2d 919 (2006)(*citing DeShaney v. Winnebago County Dep't of Social Services*, 489 U.S. 189, 197, 109 S. Ct. 998, 103 L. Ed. 2d 249 (1989)).  "Substantive due process does, however, require a state to protect individuals under two theories.  First, the state owes a duty to protect those in its custody.  Second, the state owes a duty to protect individuals

-4-

if it created the danger to which the individuals are subjected." *Hart*, 432 F.3d at 805 (citation omitted).  Clearly neither situation applies in this case.

## CONCLUSION

I therefore recommend dismissal of the case on the grounds the claims are frivolous, are asserted against individuals immune from suit, or are not cognizable under § 1983.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action, or any portion thereof, may be dismissed on such grounds at any time).

**Willis has ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Willis is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 13th day of February 2007.


/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)